# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

THOMAS A. CENSKE,

        Petitioner,

v.                                                              Case No. 2:06-15085

THOMAS BIRKETT,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner Thomas A. Censke has moved for reconsideration of the court's order transferring his habeas petition to the Sixth Circuit Court of Appeals as a second or successive habeas petition. Petitioner's habeas petition challenges his state convictions for aggravated stalking and malicious use of a telephone. The court concluded in its order of transfer that Petitioner could have challenged his convictions in a previously filed habeas petition, which challenges the Michigan Parole Board's decision to deny Petitioner release on parole. Petitioner filed that petition, which is assigned to Judge Gadola as case number 06-14418, on October 10, 2006. Petitioner filed the instant petition about a month later on November 14, 2006.

Petitioner disagrees with the court's conclusion that he could have raised all his claims in one habeas petition. He notes that the Michigan Supreme Court denied reconsideration in his criminal case about three months after the Michigan Parole Board issued its decision. *See People v. Censke*, 718 N.W.2d 354 (July 31, 2006). However, the parole decision and the denial of reconsideration by the state supreme court both

happened *before* Petitioner filed his earlier petition in October 2006. Petitioner therefore could have challenged both decisions in one petition. The court finds no reason to alter its earlier decision.

Petitioner also contends that his case falls within an exception to the rule prohibiting the filing of second or successive habeas petitions. Even assuming this is true, it is for the Court of Appeals, not the district court, to decide whether Petitioner's case falls within an exception to the rule. 28 U.S.C. § 2244(b)(3)(C). This court lacks jurisdiction to address the substantive merits of Petitioner's claims until the Court of Appeals authorizes the court to do so. *Burton v. Stewart*, __ U.S. __, 127 S. Ct. 793, 794 (2007) (*per curiam*).

Petitioner has failed to show that the court was misled by a "palpable defect" when it transferred his habeas petition to the Court of Appeals. E.D. Mich. LR 7.1(g)(3). Accordingly,

IT IS ORDERED that the motion for reconsideration [Dkt. #20] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 12, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-15085.CENSKE.DenyReconsideration.BH.wpd

2