**UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

THOMAS A. CENSKE,

        Petitioner,

v.                                                  Case No. 06-15085

THOMAS BIRKETT,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Petitioner Thomas A. Censke has filed a *pro se* motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The motion attacks the court's order transferring Petitioner's habeas corpus petition to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas petition. Petitioner alleges that the court's order is contrary to published decisions of the Supreme Court and the Sixth Circuit and that the court's definition of "successive" is flawed. According to Petitioner, his habeas petition in this case merely supplemented his earlier habeas corpus petition, which is pending before United States District Judge Paul V. Gadola. *See Censke v. Birkett*, No. 06-14418 (E.D. Mich. Oct. 10, 2006). Petitioner also maintains that, because there has been no adjudication of his claims in case number 06-14418, this case is not successive to that case.

The court may relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies

1

relief." Fed. R. Civ. P. 60(b)(1) and (6).  Lower courts, however, ordinarily must adhere to the commands of a superior court.  *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).  Thus, a lower court generally is precluded "from considering an issue expressly or impliedly decided by a superior court."  *Id*.  An exception exists "where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice.'"  *Id*. ((quoting *Petition of United States Steel Corp*., 479 F.2d 489, 494 (6th Cir. 1973)).

The habeas petition in this case challenges Petitioner's state convictions for aggravated stalking and malicious use of a telephone.  The court transferred the habeas petition to the Court of Appeals for the Sixth Circuit on May 30, 2007, after concluding that Petitioner's claims could have been raised in case number 06-14418, which challenges a decision by the Michigan Parole Board.  The court's decision to transfer this case to the Sixth Circuit was based on *In re Marsch*, 209 F.3d App'x 481, 483, 2006 WL 3780362 (6th Cir. Dec. 20, 2006), an unpublished decision in which the Sixth Circuit concluded that a habeas petition challenging a parole decision under 28 U.S.C. § 2241 was a second or successive petition to one challenging the petitioner's conviction under 28 U.S.C. § 2254.

On November 30, 2007, the Sixth Circuit entered an order, stating that it was proper for this court to transfer Petitioner's habeas petition to the Sixth Circuit for consideration of whether Petitioner's habeas petition was a second or successive petition.  *See In re Thomas Censke*, No. 07-1682 (6th Cir. Nov. 30, 2007) (unpublished).  Citing *Marsch*, the Sixth Circuit stated that, "[c]ontrary to Censke's claim,

2

the instant petition is a second or successive petition to the one pending before Judge Gadola as it asserts claims that could have been raised along with his parole claims." The Sixth Circuit concluded that Petitioner was precluded from filing a second or successive habeas petition and that this court was not authorized to consider his claims.

Petitioner has not supported his motion for relief from judgment with a citation to any controlling authority criticizing or abrogating either *Marsch* or the Sixth Circuit's decision in this case. The cases that he does cite do not address the specific issue of whether a habeas petition challenging a conviction is a second or successive pleading to a habeas petition challenging a parole decision. Therefore, this court is bound by the Sixth Circuit's determination that Petitioner's habeas petition is a second or successive petition to the habeas petition pending before Judge Gadola and that Petitioner is not authorized to pursue his claims in this court. Petitioner's allegation that the court mistakenly transferred his habeas case to the Sixth Circuit lacks merit. Accordingly,

IT IS ORDERED that Petitioner's "Motion for Relief from Judgment" [Dkt. # 27] is DENIED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 14, 2008, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

4/14/08:S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-15085.CENSKE.DenyReliefFromJudgment.BH.wpd